UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DREAM CUSTOM HOMES,
INC.,

      Plaintiff,

v.                             CASE NO. 8:08-CV-1189-T-17AEP

MODERN DAY CONSTRUCTION,
INC., etc., et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 150  Report and Recommendation
Dkt. 151  Objection
Dkt. 152  Response

The assigned Magistrate Judge issued a Report and Recommendation in which it is recommended that Defendants' Motions for Attorney's Fees and Costs (Dkts. 116, 117, 120) be granted, that Plaintiff's Motions for Review of the Clerk's Order Taxing Mediation Costs (Dkts. 138, 139, 140) be granted, and Plaintiff's Motions to Stay Payment (Dkts. 138, 139, 140) be denied.

The Court notes that the Eleventh Circuit Court of Appeals has entered its decision affirming the decision of this Court granting summary judgment to Defendants, and the mandate of the Eleventh Circuit Court of Appeals will issue at a later date.

Case No. 8:08-CV-1189-T-17AEP

Plaintiff has filed an Objection to the Report and Recommendation, and Defendants have filed a Response to Plaintiff's Objection.

I. Standard of Review

Federal Rule of Civil Procedure 72 provides the appropriate procedure for district court review of a magistrate judge's report and recommendation. If a party wishes to challenge the recommendation, the party must "serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2) (emphasis added). As explained by the Eleventh Circuit Court of Appeals, the party's objections must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 Fed.Appx. 781, 783 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report." Id. at 784 (citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir.1984)). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). Regarding the scope of review, litigants generally must present their evidence and arguments to the magistrate judge in the first instance to preserve review; however, the district court may, in its discretion, consider arguments and evidence presented for the first time in an objection to a report and recommendation. Williams v. McNeil, 557 F.3d 1287, 1291–92 (11th Cir. 2009). After concluding its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); accord Local Rule 6.02.

II. Defendants' Motions for Attorney's Fees
A. Plaintiff's Objection

Plaintiff objects to the Magistrate Judge's conclusion as to objective

2

Case No. 8:08-CV-1189-T-17AEP

unreasonableness. Plaintiff argues that an award of attorney's fees and costs in this case would not be faithful to the purposes or the Copyright Act. Plaintiff argues that the defenses raised by Defendants are not meritorious or unique, and would chill any attempt to promote new theories of law not previously adopted in this Circuit, such as Plaintiff's theory of the Inverse Ratio Rule. Plaintiff argues that Plaintiff believes in the merits of Plaintiff's case, in light of case law, and an award of attorney's fees and costs would promote infringement.

B. Defendants' Response

Defendants respond that Plaintiff's Objection is a re-argument of the issues included in the motions for fees and responses, as well as the motions for summary judgment and responses. Defendants argue that Magistrate Judge Porcelli correctly relied on MiTek Holdings, Inc. v. Arce Engineering Co., Inc., 198 F.3d 840, 842 (11th Cir. 1999) for the legal principle that the purposes of the Act are furthered "by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure that the boundaries of copyright law are demarcated as clearly as possible in order to maximize the public exposure to valuable works."

Defendants argue that: 1) the Court should overrule Plaintiff's objection that Plaintiff's motivation was pure, that its case had merit and that its works deserve copyright protection; 2) the Court should overrule Plaintiff's objection that there was nothing meritorious or unique about Defendants' defenses; 3) the Court should overrule Plaintiff's objection that an award of attorney's fees and costs would chill any attempt to promote new theories of law; 4) the Court should overrule Plaintiff's objection that Plaintiff's claim was not objectively unreasonable; 5) the Court should overrule Plaintiff's objection to the extent that it is based on sheer speculation.

Case No. 8:08-CV-1189-T-17AEP

C. Discussion

The Eleventh Circuit has emphasized that the "only preconditions to an award of fees is that the party receiving the fee be the prevailing party and that the fee be reasonable." MiTek Holdings, 198 F.3d at 842 (citations omitted). The Supreme Court has enumerated four non-exclusive factors under § 505 analysis: (1) frivolousness; (2) motivation (3) objective unreasonableness (both in factual and legal components of the case); and (4) the need in particular circumstances to advance considerations of compensation and deterrence. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 526-27 (1994).

The Magistrate Judge concluded that Plaintiff's copyright claim was not frivolous, and that Plaintiff's behavior does not indicate the presence of improper motivation. The Magistrate Judge concluded that Plaintiff's copyright claim was objectively unreasonable, both factually and legally, and an award of attorney's fees would deter individuals from pursuing similar objectively unreasonable claims, and encourage the assertion of meritorious defenses. The Magistrate Judge considered the circumstances of this case, and found that an award of attorney's fees will further the goals of the Copyright Act.

In the Order granting Defendants' Motions for Summary Judgment, the Court found that Plaintiff held a valid copyright in the Copyrighted Works. As the Magistrate Judge noted, Plaintiff's copyright claim was not frivolous, but a lack of frivolousness does not preclude an award of attorney's fees in favor of Defendants. See Mfg. Co. v. Towel King of Florida, Inc., 822 F.2d 1031, 1034 (11th Cir. 1987). After consideration, the Court overrules Plaintiff's objection that Plaintiff's works deserve copyright protection, and Plaintiff's motivation was pure.

Case No. 8:08-CV-1189-T-17AEP

As to the presence of meritorious defenses, in the Order granting Defendants' Motions for Summary Judgment, the Court noted that the Piarulli plans and the Don Calais plans were similar in some respect, and similar in general layout, but that significant differences were also present. The Court concluded that the Don Calais plans were not sufficiently unique in design for an overall similarity in "look and feel" to outweigh the significant differences in the plans. The Court held that the Piarulli plans and elevations were not substantially similar to the protectable elements of the Don Calais plans and elevations, stating that "[t]he average lay observer would not recognize the Piarulli plans to be misappropriated from the Don Calais plans and elevations because of the many differences, and because the overall design is not sufficiently unique." The Eleventh Circuit Court of Appeals stated that the District Court appropriately performed the substantial similarity analysis by separating what was protectable expression from what was not protectable, and by examining the similarities and dissimilarities with respect to protectable elements. The Eleventh Circuit Court stated that the District Court correctly determined that the differences in the protectable expression were so significant that, as a matter of law, no reasonable properly-instructed jury of lay observers could find the works substantially similar. After consideration the Court overrules Plaintiff's objection that there was nothing meritorious or unique about Defendants' defenses, and Plaintiff's objection that Plaintiff's claims were not factually or legally objectively unreasonable.

In the Order granting Defendants' Motions for Summary Judgment, the Court did not address Plaintiff's reliance on the Inverse Ratio Rule. The Court granted Defendants' Motions for Summary Judgment based on the absence of substantial similarity in the protectable expression, which has been upheld on appeal. The Eleventh Circuit noted that the Inverse Ratio Rule is not the law of this Circuit. Beal v. Paramount Pictures Corp., 20 F.3d 454, 460 (11th Cir. 1994). After consideration, the Court overrules Plaintiff's objection that an award of attorney's fees and costs would chill any attempt to promote new areas of law.

5

Case No. 8:08-CV-1189-T-17AEP

The Magistrate Judge concluded that the award of attorney's fees would further the goals of the Copyright Act by discouraging the filing of suits containing objectively unreasonable claims and by encouraging the assertion of meritorious defenses. The Court has determined that Plaintiff's claims were objectively unreasonable, both factually and legally, and that Defendants asserted meritorious defenses. After consideration, the Court overrules Plaintiff's objection that the award of attorney's fees would not be faithful to the purposes of the Copyright Act.

The Magistrate Judge determined that hourly rates and total amounts sought by all Defendants are reasonable, and found that: 1) Defendants PAR and Roush are entitled to an award of $20,774.50; 2) Defendant Modern Day is entitled to an award of $17,659.75; and 3) that Defendant Piarulli is entitled to an award of $11,200.00.

The Court adopts the Report and Recommendation, and incorporates it by reference. After consideration, the Court grants the Motions for Attorney's Fees in the above amounts, and directs the Clerk of Court to enter final judgments in favor of Defendants and against Plaintiff, for which sums execution shall issue.

III. Motions for Review of Clerk's Order Taxing Costs

The Magistrate Judge reviewed the costs awarded to Defendants (Dkts. 129, 130, 131). The Magistrate Judge found that the Clerk improperly taxed costs for mediation expenses. The Magistrate Judge determined that the following amounts are taxable as costs: 1) $3,367.26 as to Defendant Modern Day; and 2) $0.00 as to Defendants PAR, Roush and Piarulli. The Court vacates the prior cost judgments, and directs that the Clerk of Court enter a final judgment taxing costs in favor of Defendant Modern Day Construction, Inc. and against Plaintiffs in the amount of $3,367.26, for which sum execution shall issue.

Case No. 8:08-CV-1189-T-17AEP

IV. Motions to Stay Payment

The decision of the Court was affirmed on appeal. After consideration, the Court adopts and incorporates the Report and Recommendation, and denies Plaintiffs' Motions to Stay Payment. Accordingly, it is

**ORDERED** that the Report and Recommendation is **adopted and incorporated** by reference. The Court **overrules** Plaintiffs' Objections. The Court **grants** Defendants' Motions for Attorney's Fees: 1) Dkt. 116 - Modern Day Construction, Inc. - $17,659.75; 2) Dkt. 117 - Piarulli - $11,200.00; 3) Dkt. 120 - PAR and Roush - $20,774.50. The Clerk of Court shall enter a final judgment as to each Defendant's award. It is further

**ORDERED** that the Motions for Review of Clerk's Order Taxing Costs (Dkts. 129, 130, 131) are **granted**. The prior cost judgments are **vacated**. The Clerk of Court shall enter a final judgment awarding costs of $3,367.26 in favor of Defendant Modern Day Construction, Inc. and against Plaintiff. The Motions to Stay Payment are **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 23rd day of April, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record