UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DREAM CUSTOM HOMES, INC.

    Plaintiff,

v.                                                      Case No. 8:08-cv-1189-T-17AEP

MODERN DAY CONSTRUCTION, INC.,
a Florida Corporation, ANTHONY PIARULLI,
an individual, PAR CUSTOM DRAFTING,
INC., a Florida Corporation, and PHILLIP
ROUSH, an individual,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

After obtaining summary judgment in its favor, as well as affirmance on appeal, Defendants Anthony Piarulli ("Piarulli"), PAR Custom Drafting, Inc. ("PAR"), Phillip Roush ("Roush"), and Modern Day Construction, Inc. ("Modern Day") (collectively, "Defendants") seek an award of appellate attorneys' fees against Plaintiff Dream Custom Homes, Inc. ("Plaintiff") arising out of the appeal of the order granting summary judgment in favor of Defendants on the copyright infringement claim brought by Plaintiff (Dkt. Nos. 110, 111, 161, 162, 163, 165, 166). Plaintiff opposes Defendants' requests for appellate attorneys' fees (Dkt. No. 167, 168). For the following reasons, I recommend that Modern Day's motion be denied as moot and that Piarulli's and PAR and Roush's motions be granted and appellate attorneys' fees be awarded in the amount of $9,725.00 in favor of Piarulli and $19,624.50 in favor of PAR and Roush.[1]

---

[1] The district judge referred the matter to the undersigned for issuance of a Report and Recommendation (Dkt. No. 164). *See* 28 U.S.C. § 636 and Local Rule 6.01.

## I.     Background

Plaintiff initiated this action alleging Defendants infringed its copyrights in various architectural works and drawings relating to floor plans and elevations (Dkt. No. 1, 33, 110, 165). Following the close of discovery, Defendants each moved for summary judgment on Plaintiff's copyright infringement claim (Dkt. Nos. 78, 90, 101). After review, the Court granted Defendants' motions and entered judgment in favor of Defendants (Dkt. Nos. 110, 111). Defendants subsequently moved for attorneys' fees, which the Court granted (Dkt. Nos. 116, 117, 120, 153). Judgment was then entered in favor of Defendants and against Plaintiff for attorneys' fees in the following amounts: (1) $17,659.75 in favor of Modern Day (Dkt. No. 154); (2) $11,200.00 in favor of Piarulli (Dkt. No. 155); and (3) $20,774.50 in favor of PAR and Roush (Dkt. No. 156).[2]

In the meantime, Plaintiff appealed the Court's Order granting summary judgment (Dkt. No. 128). Upon appeal, the Eleventh Circuit affirmed the grant of summary judgment in favor of Defendants (Dkt. Nos. 165, 166). In doing so, the Eleventh Circuit found that (1) the Court properly granted summary judgment and appropriately performed the substantial similarity analysis, (2) the Court did not err in not applying the inverse-ratio rule as it is not the law in this circuit, (3) the Court was correct in not taking notice of purported prior acts to lower the threshold for substantial similarity, and (4) the Court did not err in denying Plaintiff's motion for leave to supplement its response to the motions for summary judgment (Dkt. No. 165). Following that, Defendants sought an award of appellate attorneys' fees, which the Eleventh Circuit transferred

---

[2] The Court also awarded Modern Day costs in the amount of $3,367.26 (Dkt. No. 157).

back to this Court for consideration of Defendants' entitlement to and the reasonableness of any award of appellate fees and expenses (Dkt. Nos. 160, 161, 162, 163).

By the instant motions, Defendants seek the following awards of appellate attorneys' fees: (1) $10,750.00 in favor of Piarulli (Dkt. No. 161); (2) $22,005.00 in favor of PAR and Roush (Dkt. No. 162); and (3) $21,895.00 in favor of Modern Day (Dkt. No. 163). Plaintiff opposes Defendants' requests arguing that the *Fogerty* factors weigh against an award of fees to Defendants, and, even if the Court finds that Defendants are entitled to an award of attorneys' fees, the number of hours expended by Defendants' counsel are unreasonable and should be reduced (Dkt. No. 167). Following the filing of Plaintiff's response, Modern Day resolved its dispute with Plaintiff relating to attorneys' fees (Dkt. No. 179), and, accordingly, Modern Day's motion (Dkt. No. 163) should be denied as moot.

**II.     Discussion**

Under the Copyright Act, the court may award costs, including reasonable attorney's fees, to the prevailing party in a copyright infringement suit. 17 U.S.C. § 505.[3] For purposes of § 505, courts must treat prevailing plaintiffs and prevailing defendants alike and only award a prevailing party attorney's fees as a matter of the court's discretion. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). In determining whether to award a prevailing party attorney's fees, courts should consider such non-exclusive factors as frivolousness, motivation, objective unreasonableness (both factually and legally), and the need to advance considerations of compensation and

---

[3] Section 505 provides, "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." *Id.*

3

deterrence. *Id.* at 534 n.19. Courts must apply these factors in a manner that will "further the interests of the Copyright Act," *i.e.*, to encourage "the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'that the boundaries of copyright law [are] demarcated as clearly as possible' in order to maximize the public exposure to valuable works." *MiTek Holdings, Inc. v. Arce Engineering Co., Inc.*, 198 F.3d 840, 842-43 (11th Cir. 1999)(quoting *Fogerty*, 510 U.S. at 526-527).

### A. Entitlement to Fees

#### i. Prevailing Party

To be entitled to attorney's fees under § 505, Defendants must constitute the prevailing party in this action. As Defendants prevailed on summary judgment and on appeal on Plaintiff's copyright infringement claim, they are indisputably the prevailing party in this matter. Plaintiff does not argue to the contrary. Notwithstanding, the inquiry does not end there. The Court must now determine whether the *Fogerty* factors weigh in favor of granting Defendants attorneys' fees.

#### ii. *Fogerty* Factors

In its prior consideration of the *Fogerty* factors, the Court found that the factors weighed in favor of an award of attorneys' fees to Defendants (Dkt. Nos. 150, 153). Specifically, the Court found that, although Plaintiff's copyright infringement claim was not frivolous and Plaintiff did not demonstrate an improper motivation in bringing this action, Plaintiff's claim was objectively unreasonable and an award of attorneys' fees to Defendants would likely serve the interests of compensation and deterrence in this case (Dkt. No. 150, 153). As with the initial assessment of the *Fogerty* factors, an assessment of the *Fogerty* factors regarding Plaintiff's

4

claims on appeal similarly weigh in favor of an award of attorneys' fees. Namely, Plaintiff's appeal was not frivolous or improperly motivated, but the issues raised on appeal were objectively unreasonable and an award of attorneys' fees to Defendants would further the interests of compensation and deterrence.

Although the Eleventh Circuit did not rule in favor of Plaintiff on any of its issues on appeal, nothing in the record indicates that the appeal was either frivolous or improperly motivated. Indeed, the Eleventh Circuit discussed each issue in turn and found that this Court had not erred. In doing so, the Eleventh Circuit did not indicate that the issues were frivolous or ludicrous or brought simply as a nuisance. Notwithstanding, the Eleventh Circuit's analysis of Plaintiff's arguments indicates that those arguments were objectively unreasonable. Plaintiff first argued that the Court erred in the substantial similarity portion of its copyright infringement analysis. In rendering its decision, the Eleventh Circuit found that this Court appropriately performed the substantial similarity analysis by separating protectable expression from non-protectable expression, examining the similarities and dissimilarities with respect to the protectable elements, and finding that the differences in the protectable expression were so significant that, as a matter of law, no reasonable properly-instructed jury of lay observers could find the works substantially similar (Dkt. No. 165 at 2-5). As to Plaintiff's request for application of the inverse-ratio rule, wherein proof of a degree of similarity lesser than the substantial similarity is required, the Eleventh Circuit summarily rejected that request noting that the rule is not the law of this circuit and has in fact never been applied in this circuit (*id.* at 5). *See Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 460 (11th Cir. 1994). With respect to Plaintiff's

argument that the Court should have taken judicial notice of Defendants' purported prior acts of infringement to lower the substantial similarity threshold, the Eleventh Circuit found that prior act evidence is not relevant to or an element of a copyright action and, further, that "the use of prior act evidence in determining damages does not support the use of prior act evidence to lower the threshold for proof of *liability*" (Dkt. No. 165 at 5-6 (emphasis in original)). Finally, as to the Court's denial of Plaintiff's request for leave to supplement its response to Defendants' motions for summary judgment, the Eleventh Circuit found that this Court properly analyzed the standard for excusable neglect in deciding whether to grant Plaintiff's request and, after proper consideration, did not abuse its discretion in denying Plaintiff's request (*id.* at 6-7). Accordingly, the Eleventh Circuit denied Plaintiff all the relief it sought on appeal and demonstrated that the issues raised by Plaintiff were not objectively reasonable, thus weighing in favor of an award of attorneys' fees.

Going further, an award of attorneys' fees in this instance would further the interests of the Copyright Act by compensating Defendants for having to respond to and defend objectively unreasonable arguments on appeal. Given that Defendants advanced reasonable defenses on appeal and the Eleventh Circuit ruled in favor of Defendants on every issue on appeal, Defendants should be compensated for their efforts in defending their position on appeal and asserting meritorious defenses, especially in light of the objectively unreasonable nature of Plaintiff's arguments on appeal. An award of fees would also serve the interests of the Copyright Act by deterring parties from pursuing objectively unreasonable claims on appeal. Accordingly, after consideration of the *Fogerty* factors, the balance weighs in favor of granting Defendants their

appellate attorneys' fees. Under § 505, therefore, Defendants should be entitled to an award of their reasonable appellate attorneys' fees.

### B.     Amount of Attorneys' Fees

After determining Defendants' entitlement to an award of attorneys' fees, the Court must determine a reasonable amount of fees to award Defendants. In fashioning an attorneys' fee award, the Eleventh Circuit applies the "lodestar" method wherein the court multiplies the number of hours reasonably expended by a reasonable hourly rate. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The party seeking fees bears the burden of establishing entitlement to reasonable hourly rates and the documenting of reasonable hours expended. *American Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

#### i. Hourly Rate

A "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Barnes*, 168 F.3d at 437. The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. Similarly, those opposing the fee petition should be reasonably precise in their objections. *Id.* at 1301.

Here, Defendants seek the same rates they sought in their prior motions for attorneys' fees, which the Court previously found reasonable (*see* Dkt. Nos. 117, 120, 150, 153). Indeed, Plaintiff does not dispute the reasonableness of the requested hourly rates (Dkt. No. 167 at 11). Accordingly, the following rates should be awarded: (1) a maximum of $250.00 for Piarulli's counsel and (2) a maximum of $225.00 for PAR and Roush's counsel.

### ii.     Hours Expended

Next, the Court must ascertain the number of hours reasonably expended by Defendants on the appeal of this matter. In seeking fees, the fee applicant must exclude any excessive, redundant, or otherwise unnecessary hours from the amount claimed. *Norman*, 836 F.2d at 1301. Indeed, the fee applicant has to exercise "billing judgment." *Id.* Namely, the applicant must exclude those hours which would be unreasonable to bill a client and therefore to one's adversary regardless of the skill, reputation, or experience of counsel. *Id.* In this instance, Plaintiff contends that the hours expended by each Defendant's counsel are excessive and should be reduced.

### a.     Piarulli

By its motion, Piarulli seeks an award of $10,750.00 in appellate attorneys' fees (Dkt. No. 161). As to Piarulli, Plaintiff contends that counsel employed "block billing" thereby making it impossible to ascertain whether the time expended on each task listed within the same block was reasonable (Dkt. No. 167). Specifically, Plaintiff identifies six time entries, which comprise nearly half of the hours billed, that list three or more tasks under the same entry without indicating

how much time was spent on each individual task.[4] As a result, Plaintiff seeks to reduce the total amount of fees billed for those time entries by 50%, or from $5,125.00 to $2,562.50.

As Plaintiff contends, block billing renders judicial review unnecessarily difficult and thus warrants a reduction of the number of hours claimed by a party seeking fees. *Franklin v. Hartford Life Ins. Co.*, 8:07-cv-1400-T-23MAP, 2010 WL 916682, *3 (M.D. Fla. March 10, 2010) (order adopting report and recommendation). Including more than one task in a single billing entry does not, in itself, constitute inappropriate block billing, especially where a thorough description of the activities performed clarifies rather than obscures the record. *Id.* Where the descriptions of the tasks are too vague to determine how the attorney spent his or her time, however, a reduction may be warranted. *See id.* at *3-*4 (applying and citing cases applying an across-the-board reduction to a prevailing party's requested fee award due to use of block billing and vagueness). Upon review of Piarulli's purported "block-billed" time entries, it appears that, although not all are entirely vague, some of the entries make it difficult to ascertain whether a reasonable amount of time was expended on each discrete task. For instance, the January 23, 2012 entry indicates that counsel spent six hours traveling to Atlanta for oral argument before the Eleventh Circuit, conferencing with counsel for the other Defendants, and preparing for oral argument (Dkt. No. 161, Exh. A). The entry does not indicate what portion of that six-hour period was devoted to each task. Accordingly, given Piarulli's use of block billing in six of its time entries and the Court's inability to ascertain whether a reasonable amount of time was expended on each discrete task in those six time entries, a slight reduction of those six entries is warranted.

---

[4] These include the time entries for the following dates: January 11, 2012; January 23, 2012; January 24, 2012; April 30, 2012; May 2, 2012; and May 24, 2012 (Dkt. No. 168, Exh. F).

9

Based on the foregoing, I recommend that a 20% reduction be applied to the six "block-billed" time entries, reducing the amount of fees for those entries from $5,125.00 to $4,100.00. *See Franklin*, 2010 WL 916682, at *4 (reducing a fee petition by 20% for block billing and citing to cases applying a similar reduction). When added to the remaining fee petition request of $5,625.00, I recommend that Piarulli be awarded a total of $9,725.00 in appellate attorney's fees.

**b.     PAR and Roush**

In their motion, PAR and Roush seek an award of $22,005.00 in appellate attorney's fees (Dkt. No. 162). With respect to PAR and Roush, Plaintiff argues that their fee request should be reduced because the hours expended were unwarranted and excessive (Dkt. No. 167). More specifically, Plaintiff contends that the amount of time spent on preparation for oral argument was beyond excessive as it totaled 46.9 hours, or $10,552.50 in fees, especially as compared to the 16.5 hours spent by Modern Day and the less than 10 hours spent by Piarulli (*see* Dkt. No. 168, Exh. D). Further, Plaintiff argues that PAR and Roush submitted 1.2 hours, or $270.00 in fees, for work on a unrelated case.[5]

With respect to the time billed for preparation for oral argument, the 46.9 hours sought by PAR and Roush appear inflated in light of the time spent by counsel for Modern Day and Piarulli and in light of the Court's own experience. *See Norman*, 836 F.2d at 1303 (noting the court is itself an expert on the question of attorney's fees and providing the court with discretion to make a fee award on its own experience where the time or fees claimed seem expanded). Additionally, with the exception of one entry, the time entries simply state, "Prepare for oral

---

[5] These include the time entries for the following dates: April 24, 2012; May 2, 2012; May 8, 2012; May 16, 2012; May 17, 2012; and May 21, 2012 (Dkt. No. 168, Exh. E).

argument," without any further explanation delineating what counsel's preparation entailed.[6] Nothing in PAR and Roush's fee petition elaborates upon counsel's need to expend that amount of time preparing for oral argument, especially given that the issues on appeal primarily dealt with issues raised and briefed in the summary judgment motions. *See Corwin v. Walt Disney World Co.*, 6:02-cv-1377-Orl-19KRS, 2008 WL 754697, *27-*28 (M.D. Fla. March 18, 2008), *adopted* at 6:02-cv-1377-Orl-19KRS, Dkt. No. 357 (reducing an appellate fee request in a copyright infringement case where the district court granted summary judgment and the Eleventh Circuit affirmed on appeal). Accordingly, it is recommended that the hours expended by PAR and Roush's counsel preparing for oral argument be reduced by 20%, or reducing the amount of fees by $2,110.50, bringing the amount of fees from $10,552.50 down to $8,442.00 for work performed in preparation for oral argument.

As to the work performed on an apparently unrelated case, PAR and Roush do not explain why they should be entitled to these hours, much less if or how that case is related to this action. Accordingly, these hours are clearly not warranted and should not have been included in the fee petition for this case. As such, the award of attorney's fees should additionally be reduced by $270.00 for the hours billed for the unrelated case. Given the foregoing, it is therefore recommended that the hours expended by PAR and Roush's counsel be reduced to account for the excessive amount of time spent in preparation for oral argument and for the work performed on an unrelated case. Accordingly, I recommend that PAR and Roush be awarded a total of

---

[6] These include the time entries for the following dates: January 12, 2012; January 13, 2012; January 16, 2012; January 17, 2012; January 18, 2012; January 19, 2012; January 20, 2012; January 23, 2012; and January 24, 2012 (Dkt. No. 168, Exh. D).

$19,624.50 in attorney's fees.[7]

### iii. Reasonable Amount

Based upon the factors considered above and the Court's own expertise, it is recommended that the Court award attorneys' fees in the following amounts: (1) $9,725.00 in favor of Piarulli and (2) $19,624.50 in favor of PAR and Roush.

## IV. Conclusion

For the foregoing reasons, it is hereby

RECOMMENDED:

1. Defendant Anthony Piarulli's Motion for Appellate Attorney's Fees (Dkt. No. 161) be GRANTED to the extent that an award of attorney's fees in the amount of $9,725.00 be entered in his favor.

2. Defendant PAR Custom Drafting, Inc. and Phillip Roush's Motion for Appellate Attorney's Fees (Dkt. No. 162) be GRANTED to the extent that an award of attorney's fees in the amount of $19,624.50 be entered in their favor.

3. Defendant Modern Day Construction, Inc.'s Motion for Attorney's Fees and Costs (Dkt. No. 163) be DENIED AS MOOT.

---

[7] This amount equates to the total amount of fees requested ($22,005.00) less the amount of reduction for the excessive work performed in preparation for oral argument ($2,110.50) and reduction for the unrelated case ($270.00).

IT IS SO REPORTED in Tampa, Florida, this 8th day of January, 2013.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:  The Honorable Elizabeth A. Kovachevich
     Counsel of Record